UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| WILLIAM L. NELSON, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| | ) | Case No. 1:23-cv-145 |
| v. | ) | |
| | ) | Judge Atchley |
| ANCHARLENE DAVIS, *et al.*, | ) | |
| | ) | Magistrate Judge Steger |
| *Defendants*. | ) | |

## ORDER

Before the Court is Plaintiff's Objection to the Report and Recommendation. [Doc. 13]. For the reasons explained below, Plaintiff's Objection is **OVERRULED**, and this matter will be **DISMISSED WITHOUT PREJUDICE**.

### I. FACTUAL BACKGROUND

Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. [Doc. 1]. Plaintiff's Complaint appears to assert claims under the Sixth, Eighth, and Fourteenth Amendments, though the facts alleged therein are sparse. [*Id.* at 4]. Plaintiff alleges in his Complaint that Defendant Davis abused her position as a district attorney, Defendant Clark did not abide by her legal responsibilities to her client, and Defendant Jones performed poorly in open court. [*Id.* at 3–4]. Plaintiff moved to amend his Complaint, seeking leave to add the Hamilton County Sheriff and medical staff as defendants. [Doc. 6]. The Motion to Amend also clarifies that his claims against Defendants Davis, Clark, and Jones are for violations of the Sixth, Eighth, and Fourteenth Amendments. [*Id.*].

On August 1, 2023, the Magistrate Judge issued a Report and Recommendation. [Doc. 8]. The Magistrate Judge recommended that Plaintiff's Motion to Amend should be denied as futile

and that the case should be dismissed for failure to state a claim. [*Id.* at 4]. As to Plaintiff's request to add the Hamilton County Sheriff and medical staff as defendants, the Magistrate Judge noted that the proposed amendment provides no facts about those individuals and therefore fails to establish a claim for relief. [*Id.* at 3]. Moreover, the Magistrate Judge concluded that Plaintiff's Complaint and the proposed amendment only offered spare, conclusory allegations against Defendants Davis, Clark, and Jones, meaning that the claims against them failed to satisfy the plausibility standard. [*Id.*].

On August 23, 2023, the Court entered an Order adopting the Magistrate Judge's Report and Recommendation. [Doc. 9]. The Court noted that Plaintiff failed to file an objection to the Report and Recommendation within the fourteen-day window following its issuance. [*Id.* at 1]. Notwithstanding his failure to file a timely objection, Plaintiff filed a Motion for Reconsideration on September 8, 2023. [Doc. 11]. The Court granted Plaintiff's motion in light of his assertion that prison mail restrictions prevented him from objecting to the Report and Recommendation in a timely manner. [Doc. 12]. Plaintiff was given 21 days to file an objection to the Report and Recommendation, and he did so on October 16, 2023. [Doc. 13]. Plaintiff's Objection is now ripe for the Court's review.

II. ANALYSIS

In its Order granting the Motion for Reconsideration [Doc. 11], the Court reminded Plaintiff that his objections to the Report and Recommendation must be specific and pinpoint where and how the Magistrate Judge erred. [Doc. 12]. The Court also reminded Plaintiff that vague, general, and conclusory objections would be insufficient. [*Id.*]. These are precisely the standards that govern the Court's review of the Magistrate Judge's Report and Recommendation— that is, Plaintiff's objections must be specific to be proper. *Frias v. Frias*, No. 2:18-cv-76, 2019

WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019) (citations omitted). General and frivolous objections, on the other hand, are not entitled to *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).

In his Objection to the Report and Recommendation, Plaintiff contends that Defendants Clark and Jones refused to file his request for a speedy trial. [Doc. 13 at 1]. Plaintiff also asserts that Defendant Davis refused to present cases to the grand jury and that various Eighth Amendment violations took place at the county jail, including inmates being denied recreational time and medical attention. [*Id.* at 2]. These objections, among others, fail to address the Magistrate Judge's legal conclusions. Instead, they simply allege additional facts not included in the Complaint or Motion to Amend. "When assessing the sufficiency of a complaint, the court is limited to considering 'the complaint, the documents attached to the complaint, and the documents referenced in the complaint.'" *Norton v. Barker*, No. 2:21-cv-84, 2021 WL 4128865, at *2 (E.D. Tenn. Sept. 9, 2021) (quoting *Peterson v. Hopson*, No. 2:17-cv-02891, 2018 WL 4431409, at *1 (W.D. Tenn. Sept. 14, 2018)). Accordingly, the Court will not consider new facts raised in Plaintiff's objections that are not already included in the Complaint or Motion to Amend. *Id.*

After thorough consideration of the Report and Recommendation, Plaintiff's Objection, and the record as a whole, the Court agrees with the Magistrate Judge's conclusion that the Motion to Amend should be denied and the case should be dismissed for failure to state a claim. Plaintiff's Objection [Doc. 13] is therefore **OVERRULED**, and the Court **ACCEPTS** and **ADOPTS** the findings of fact and conclusions of law as set forth in Magistrate Judge Steger's Report and Recommendation. [Doc. 8]. Plaintiff's Motion to Amend is **DENIED**, and this action is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

                                                          */s/ Charles E. Atchley, Jr.*
                                                          **CHARLES E. ATCHLEY, JR.**
                                                          **UNITED STATES DISTRICT JUDGE**